# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CARA L. WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:15-cv-437 |
| ) | Judge Aleta A. Trauger |
| ) | |
| EMERITUS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

The defendant, Emeritus Corporation ("Emeritus"), has filed a Motion to Alter or Amend (Docket No. 30) the court's Order denying its Motion for Summary Judgment. For the following reasons, the motion will be denied.

## BACKGROUND

This case arises from the plaintiff's employment as the Resident Care Director of the Terrace at Bluegrass, a residential living community operated by the defendant, Emeritus. The plaintiff, Cara L. West, filed this action pursuant to the Fair Labor Standards Act ("FLSA"), alleging that Emeritus failed to pay her overtime wages for time that she routinely worked over 40 hours per week. (Docket No. 1 ¶¶ 16–19.) On October 7, 2016, Emeritus filed a Motion for Summary Judgment seeking the dismissal of Ms. West's claims on the ground that she was employed in a *bona fide* executive capacity and, therefore, exempt from the FLSA's overtime provisions. (Docket No. 22.) On December 14, 2016, the court entered a Memorandum (the "Memorandum") (Docket No. 28) and Order (the "Order") (Docket No. 29), denying the Motion for Summary Judgment. Emeritus now requests that the court "correct" certain findings in the Memorandum and amend the Order to grant summary judgment on Ms. West's claims. (Docket

1

No. 30.)

Of relevance to the pending motion, the court denied Emeritus's Motion for Summary Judgment because it found that Emeritus failed to carry its affirmative burden of demonstrating that Ms. West was employed in a *bona fide* executive capacity. (Docket No. 28, p. 15.)[1] Specifically, the Memorandum concludes that Emeritus had failed to produce "clear and affirmative evidence" demonstrating that Ms. West's "primary duty" was management, a key element in determining whether an "employee [is] employed in a *bona fide* executive capacity" pursuant to regulations promulgated by the Department of Labor. (*Id.* at pp. 11–12 (quoting *Ale v. Tenn. Valley Auth.*, 269 F.3d 680, 691 n.4 (6th Cir. 2001); 29 C.F.R. § 541.100(a)).) The Memorandum reaches this conclusion after examining a number of factors that – pursuant to Department of Labor regulations – are relevant to determining whether exempt, managerial work is the primary duty of an employee, including (1) the amount of time spent performing exempt work, (2) the relative importance of exempt duties as compared with non-exempt duties, (3) the employee's relative freedom from supervision, and (4) the relationship between the employee's salary and the wages paid to others for the non-exempt work performed by the employee. (*Id.* at pp. 13–15 (citing 29 C.F.R. § 541.700).)

Based on these factors and the evidence in the record, which the court was obligated to construe in the light most favorable to Ms. West, the Memorandum finds that Emeritus had failed to demonstrate that these factors weighed in favor of a finding that Ms. West's primary duty was management. (*Id.* at p. 15.) It further concludes that "the parties' evidence boils down to differing characterizations of Ms. West's duties, with Emeritus characterizing Ms. West as a manager who occasionally performed nursing work and Ms. West characterizing herself as more

---

[1] The court's reasoning is fully laid out in the Memorandum (Docket No. 28), familiarity with which is presumed.

of an [Licensed Practical Nurse ("LPN")] than a manager." (*Id.* at pp. 15–16.) Based on these differing characterizations of Ms. West's day-to-day duties, the Memorandum concludes that it is appropriate to allow the jury to "weigh the[ir] credibility" and, therefore, denied Emeritus's Motion for Summary Judgment. (*Id.* at p. 16 (quoting *Henry v. Quicken Loans, Inc.*, 698 F.3d 897, 901 (6th Cir. 2012)).)

On December 28, 2016, Emeritus filed a Motion to Alter or Amend the Memorandum and Order (Docket No. 30), accompanied by a Memorandum of Law (Docket No. 31). In the motion, Emeritus requests that the court "reconsider its conclusion that [the] [p]laintiff's 'primary duty' was not management and amend its Order to grant [Emeritus's] Motion for Summary Judgment." (Docket No. 30, p. 2.) Specifically, Emeritus seeks to "correct" the following:

- By focusing on the Executive Director's physical presence and her own management authority, the [Memorandum] ignores overwhelming testimony and controlling well-established legal authority related to [Ms. West]'s relative freedom from supervision.

- By focusing solely on [Ms. West]'s LPN-related duties, the [Memorandum] ignores that [Ms. West] concurrently engaged in managerial and non-managerial duties – which the Sixth Circuit has repeatedly endorsed for exempt executives. Moreover, based on standards within the Sixth Circuit, [Ms. West]'s managerial duties were necessarily more critical to [Emeritus] than her non-managerial duties, given the nature and scope of [Emeritus]'s operations and [Ms. West]'s managerial responsibilities.

- By focusing on the wages of the LPNs [Ms. West] supervised, the [Memorandum] ignores that, in addition to receiving a higher salary as compared to the hourly wages of non-exempt associates, [Ms. West] was eligible for a bonus due to her management status.

(Docket No. 31, pp. 1–2.) "When analyzed under the correct legal standard," Emeritus argues, Ms. West's "sworn testimony provides all of the facts needed to conclude that her primary duty was management – and to conclude that she qualified as a *bona fide* executive." (Docket No. 31, p. 12.)

3

## LEGAL STANDARD

While the Federal Rules of Civil Procedure fail to explicitly address motions to reconsider interlocutory orders, "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."[2] *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)); *accord In re Life Investors Ins. Co. of Am.*, 589 F.3d 319, 326 n. 6 (6th Cir. 2009). Thus, district courts may "afford such relief from [interlocutory orders] as justice requires," a standard that "vests significant discretion in district courts." *Rodriguez*, 89 F. App'x at 959. "[C]ourts will find justification for reconsidering interlocutory orders whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty., Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959).

## ANALYSIS

Emeritus has not argued that any intervening change in controlling law has occurred, nor has it attempted to introduce newly available evidence justifying reconsideration of the court's denial of summary judgment. The grounds for reconsideration raised in the motion consist

---

[2] Emeritus has incorrectly cited Federal Rules of Civil Procedure 59 and 60 as the basis for its Motion to Alter or Amend. Rule 59 concerns only motions to alter or amend a final judgment, which has not been entered in this case. *See Glass v. Nw. Airlines, Inc.*, 798 F. Supp. 2d 902, 906 n.1 (W.D. Tenn. 2011). Rule 60, on the other hand, allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The basic purpose of this rule is "to authorize the court to correct errors that are mechanical in nature," but it does not authorize the court "to revisit its legal analysis or otherwise correct an 'error[] of substantive judgment,'" as Emeritus requests of the court. *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990)).

primarily of Emeritus's disagreements with the factual and legal conclusions drawn by the court in the Memorandum and Order.  Reconsideration of an order, however, is not justified by a party's mere disagreement with the court's ultimate decision or its belief that the decision is based on insufficient legal analysis.  *See Starlink Logistics, Inc. v. ACC, LLC*, No. 1:12–0011, 2013 WL 2177908, at *8 (M.D. Tenn. May 20, 2013) ("While the plaintiff may disagree with the court's decision, that disagreement alone is insufficient to warrant reconsideration.").  Rather, to warrant reconsideration, Emeritus must demonstrate "a need to correct a clear error or prevent manifest injustice," which it has failed to do.  After reviewing the record and the arguments made in support of the pending motion, the court finds no error in need of correction or manifest injustice done to Emeritus.

With regard to the court's consideration of Ms. West's relative freedom from supervision, Emeritus argues that the court committed an error by applying a heightened requirement that has been expressly rejected by the Sixth Circuit. (Docket No. 31, pp. 3–4.)  According to Emeritus, by considering the fact that Ms. West's supervisor maintained an office on site and noting that Ms. West did not have the "autonomy inherently associated with being the most senior on-site employee," the court ignored Sixth Circuit precedent stating that an employee need only be "relatively" free from direct supervision in order to support a finding that her primary duty is management. (*Id.* (citing *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 469, 508 (6th Cir. 2007)).)  This argument, however, relies on a mischaracterization of the reasoning outlined in the Memorandum, which includes the on-site presence of Ms. West's supervisor as only one of multiple pieces of evidence belying Emeritus's argument that Ms. West was "almost *completely* independent" in her day-to-day management responsibilities. (Docket No. 28, pp. 14–15 (citing Docket No. 22-1, p. 15).)  Moreover, the Memorandum does not "limit the executive exemption

5

to the most senior employee on site," as Emeritus claims it does.  (Docket No. 31, p. 4.)  Rather, the Memorandum merely concludes that, based on the on-site presence of Ms. West's supervisor *and* multiple examples of ways in which that supervisor constrained Ms. West's ability to carry out her day-to-day duties, it could not "determine the extent to which Ms. West was free from direct supervision."  (Docket No. 28, pp. 14–15.)

Emeritus also argues that, based on language in this court's past decision in *Roberts v. Dolgencorp, Inc.*, No. 2:09-0005, 2010 WL 4806792, at *10 (M.D. Tenn. Nov. 18, 2010) (Trauger, J.), Ms. West was required to demonstrate that she experienced "considerable, direct supervision" over her work on a "day-to-day basis" in order to survive summary judgment.  (*Id.*)  It is well-established in the Sixth Circuit, however, that the executive exemption from the protections of the FLSA is an affirmative defense on which the *employer*, Emeritus, bears the burden of proof, and not the *employee*, Ms. West.  (Docket No. 28, p. 11 (quoting *Thomas*, 506 F.3d at 502).)  Upon review of the *Roberts* decision and the specific facts supporting the court's reasoning in that case, the court finds no evidence that the court intended to shift an evidentiary burden that rightfully falls on the defendant to the plaintiff, nor has Emeritus cited any additional caselaw supporting such a shift.  The Memorandum, therefore, contains no clear error in its consideration of Ms. West's freedom from supervision.

With respect to the relative importance of Ms. West's management duties, Emeritus argues that the court proceeded based on the "flawed premise that [Ms. West's] managerial duties were mutually exclusive to her resident care duties" and failed to recognize Sixth Circuit precedent emphasizing that "employees may qualify as exempt when concurrently engaged in managerial and non-managerial job duties."  (Docket No. 31, pp. 7–8.)  While it is true that employees may qualify as exempt, even when they are concurrently engaged in exempt and non-

6

exempt tasks, the mere fact that managerial and non-managerial duties are undertaken concurrently does not – on its own – require a finding that the employee's primary duty is management, nor does it necessarily confer exempt status on work that would otherwise be considered non-exempt. The parties did not agree on how often or to what extent Ms. West's provision of nursing care to community residents overlapped with her supervisory duties, and they each produced evidence supporting their differing characterizations of the nature of her work.[3] The Memorandum's conclusion that Emeritus had failed to prove that Ms. West's management duties were more important than her nursing care, and its denial of summary judgment, therefore, was not a clear error, nor did it work a manifest injustice on Emeritus.

With respect to the court's comparison of Ms. West's salary to the wages of others performing exempt nursing work, Emeritus argues the court "ignore[d] that [Ms. West] was eligible for a bonus due to her status as a manager," even though "[c]ourts throughout the Sixth Circuit have consistently included management-related bonuses when analyzing this factor." (Docket No. 31, p. 11.) In its Motion for Summary Judgment and Reply in support of that motion, Emeritus never mentioned Ms. West's eligibility for a bonus or argued that it supported a finding that Ms. West had management as her primary duty. (*See* Dockets No. 22 & 27.) Even if Emeritus had made that argument, however, the existence of the bonus does not change the Memorandum's ultimate conclusion. Emeritus has cited no evidence regarding the amount that Ms. West received – or was likely to receive – as a bonus and, without that information, the court can make no meaningful comparison of Ms. West's salary to the wages of LPNs performing

---

[3] To the extent that Emeritus now argues that the provision of nursing care could qualify as "management" for purposes of the FLSA, the Memorandum already noted that such work did not appear to "fall within the definition of 'management' found in Department of Labor regulations." (Docket No. 28, p. 12 n.5 (citing 29 C.F.R. § 541.102).)

7

similar nursing work. For example, a yearly bonus of $5,000 makes a substantial difference to the comparison made in the Memorandum, whereas a yearly bonus of $50 does not.[4] The burden falls on Emeritus to produce "clear and affirmative evidence" of its claim that Ms. West's primary duty was management, and it has – again – failed to provide evidence sufficient to oblige the court to find in its favor.

In sum, having reviewed Emeritus's motion, the court finds no basis for reconsideration of its decision to deny summary judgment. Before rendering a decision, the court considered the arguments of the parties, the facts as construed in the light most favorable to Ms. West, and the high burden placed on Emeritus as a defendant seeking summary judgment on an affirmative defense. Emeritus has failed to demonstrate that the Memorandum contains any clear error of fact or law or that manifest injustice has been done and, for these reasons, the court will deny Emeritus's motion.

## **CONCLUSION**

For the reasons discussed herein, the Motion to Alter or Amend filed by Emeritus is **DENIED**.

It is so **ORDERED**.

Enter this 7th day of March 2017.

                                                                  _____
                                                                  ALETA A. TRAUGER
                                                                  United States District Judge

---

[4] Assuming 50 weeks of paid work per year, a yearly bonus of $5,000 is equivalent to an extra $100 of pay per week, whereas a yearly bonus of $50 is equivalent to $1 of pay per week.