UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARA L. WEST, | ) |
| | ) |
| *Plaintiff*, | ) Case No. 3:15-CV-437 |
| | ) |
| v. | ) Judge Collier |
| | ) |
| EMERITUS CORPORATION, | ) |
| | ) |
| *Defendant*. | ) |

# **M E M O R A N D U M**

Before the Court is the parties' joint motion for approval of a settlement agreement in this action (Doc. 48). The Court will **GRANT** the motion and **APPROVE** the proposed settlement agreement (Court File No. 48-1).

This case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). Plaintiff alleges she was a non-exempt employee of Defendant who worked in excess of forty hours per workweek and Defendant failed to pay her at least one and one-half times her regular hourly rate for this overtime as required by the FLSA. Defendant claims Plaintiff was an exempt executive under the FLSA and was therefore not entitled to overtime pay. Plaintiff has not filed a motion for certification of a collective action.

The proposed settlement agreement requires Defendant to pay a total of $55,000, with $8,993.69 as wages to Plaintiff and $46,006.31 as Plaintiff's attorney's fees and costs. (Doc. 48-1 ¶ 2.) In exchange for these payments, Plaintiff agrees to dismiss the action with prejudice and release all of her claims against Defendant, with the exception of any claims for vested retirement benefits, medical care or expenses, unemployment insurance, worker's compensation benefits, or any other claims that may not be released by private agreement. (*Id.* ¶¶ 4, 7.)

The Court has reviewed the proposed settlement agreement and finds it is a fair, reasonable, and adequate resolution of a bona fide dispute over FLSA provisions. *See Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, *2 (E.D. Ky. Oct. 23, 2008). In a collective action under the FLSA, factors relevant to finding a settlement fair, reasonable, and adequate include: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id.* at *3 (citing *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Redington v. Goodyear Tire & Rubber Co.*, No. 5:07CV1999, 2008 WL 3981461, *11 (N.D. Ohio Aug. 22, 2008) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205–06 (6th Cir. 1992)). Because this action is individual rather than collective, the Court concludes the sixth factor, the reaction of absent class members, is irrelevant here, and modifies the fifth factor to consider the opinion of Plaintiff's counsel only rather than that of class counsel and class representatives.

The first, third, and fifth factors—the risk of fraud or collusion, the amount of discovery completed by the parties, and the opinion of Plaintiff's counsel—all favor approving the settlement as fair and adequate. Plaintiff was represented by counsel throughout the litigation. The parties reached settlement shortly before their trial was scheduled to commence and after completing full factual discovery, including Defendant's production of all of Plaintiff's payroll records and the taking of Plaintiff's deposition. Moreover, the parties represent the payment to Plaintiff is for "substantially all of her alleged unpaid overtime and attorneys' fees." (Doc. 48

¶ 6.) The parties represent they engaged in arms-length negotiations through counsel to achieve a settlement. The Court concludes there is little to no risk the settlement here was the result of fraud or collusion. The Court also concludes the amount of discovery completed by the parties supports the fairness of the settlement, and the Court credits counsel's view that the proposed settlement is fair, adequate, and reasonable for her.

The Court turns next to the second factor—the complexity, expense, and likely duration of the litigation. The parties have provided no specifics on this factor. They simply state they believe "continued litigation would be protracted, expensive, uncertain, and contrary to their best interests." (*Id.*) This action is individual rather than collective, and the Court sees no unusual complexity in the issues a jury would have to decide. The parties also reached settlement on the verge of their scheduled trial date. The Court therefore sees no likelihood of unusual expense or time to resolve the matter, other than the inherent difficulty in placing a matter back on the Court's docket for trial after the scheduled trial date has passed. The Court concludes the second factor is neutral as to approving the settlement.

The fourth factor, however—the likelihood of success on the merits—favors the fairness of the settlement. As the Court concluded in denying Defendant's motion for summary judgment:

> the parties' evidence boils down to differing characterizations of [Plaintiff's] duties, with [Defendant] characterizing [Plaintiff] as a manager who occasionally performed nursing work and [Plaintiff] characterizing herself as more of an LPN than a manager. It must, therefore, be left to a trier of fact to weigh the credibility of the parties' contradictory characterizations of the plaintiff's day-to-day duties."

(Doc. 28 at 15–16 (internal citations, quotations, and alterations omitted).) The Court views as reasonable Plaintiffs' preference for the certainty of the proposed settlement over the risks of continued litigation over the credibility of the parties' characterizations of her job duties.

3

As for the seventh and final factor, the Court views settlement as in the public interest here. "If the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to 'promote the policy of encouraging settlement of litigation.'" *Crawford*, 2008 WL 4724499 at *9 (citation omitted). As already noted, the Court believes the proposed settlement reflects a reasonable compromise over disputed issues of FLSA coverage. The settlement agreement itself is also public rather than confidential. This supports the interests of other employees, the Congress, and the public, in seeing that FLSA disputes are resolved in a fair and reasonable way that is consistent with the requirements of the statute. Accordingly, the Court finds the proposed settlement is in the public interest.

Finally, the Court finds the terms regarding attorney's fees in the settlement agreement to be reasonable. The FLSA has a mandatory fee-shifting provision providing that the prevailing party shall recover reasonable attorney's fees and costs. 29 U.S.C. § 216(b). The FLSA fee award "encourages the vindication of congressionally identified policies and rights," and therefore should be determined without "plac[ing] an undue emphasis on the amount of the plaintiff's recovery." *Fegley v. Higgins*, 19 F.3d 1126, 1135 (6th Cir. 1994) (quotation omitted). Indeed, the Sixth Circuit has "upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages." *Id*. (quotation omitted). Here, attorney's fees and costs of $46,000 are not unreasonable in light of Plaintiff's recovery on the verge of trial of substantially all the overtime pay to which she alleges she is entitled. This is especially true considering the relative lack of correlation between plaintiffs' recoveries and attorney's fees in FLSA cases. *See Fegley*, 19 F.3d at 1135; *but see Dean v. F.P. Allegra Concrete Const. Corp.*, 622 F. App'x 557, (6th Cir. 2015) (reversing attorney's fee award of $25,422 where plaintiff recovered $117).

All but one of the relevant factors point in favor of approving the proposed settlement agreement. The remaining factor is neutral. The Court also finds the proposed payment of attorney's fees is reasonable in this case. Accordingly, upon consideration of the joint motion and the proposed settlement agreement, the Court finds the proposed settlement agreement is fair, reasonable, and adequate and **WILL GRANT** the parties' joint motion (Court File No. 48) and **APPROVE** the proposed settlement agreement (Doc. 48-1). This case will be **DISMISSED WITH PREJUDICE**, with each party bearing its own attorney fees and costs, except as otherwise provided in the settlement agreement.

**An appropriate Order will enter.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**